In the Matter of STANLEY BAJAK, Petitioner, *v.* DEMOCRATIC COUNTY COMMITTEE OF THE COUNTY OF ERIE et al.. Respondents.

Supreme Court, Special Term, Erie County, September 7, 1962.

*Lipsitz, Green, Fahringer & Fleming* (*Richard Lipsitz* of counsel), for petitioner. *Honan, Kane & McLoughlin* (*James J. McLoughlin* of counsel), for respondents.

HAMILTON WARD, J. This is a proceeding pursuant to the provisions of article 78 of the Civil Practice Act.

Petitioner, a member of the Erie County Democratic Committee, prays for an order directing the respondents to appoint and convene special committees of the Democratic County Committee of Erie County and the Executive Committee of the Democratic County Committee of the County of Erie for the purpose of hearing certain charges of disloyalty against the Democratic party in Erie County on the part of Peter J. Crotty.

Peter J. Crotty is presently and at all times hereinbefore mentioned was a member of the Democratic County Committee of Erie County and chairman thereof and a member of the Executive Committee of the Democratic County Committee of Erie County and also chairman thereof.

Respondents have filed objections in point of law containing four specifications. It is not necessary to consider specifications 1 through 3 inclusive as specification 4 is sufficient to require a denial of this motion and a dismissal of the proceeding for the reasons appearing below.

Specification 4 is as follows: " That the Court is without power to grant the relief sought herein ". Pursuant to article 78 of the Civil Practice Act, the Supreme Court of the State of New York is authorized to grant relief by way of mandamus against certain individual respondents or classes of respondents. Such relief can be granted only when a proper respondent has failed or refused to perform a duty specifically enjoined by law. The duty must be clear and must be mandated by law. It is the claim of the petitioner that section 16 of the Election Law

imposes such duty upon the respondents and, further, that respondents have failed and refused to comply with the provisions of that section after due notice and demand in writing.

The relevant portions of section 16 are as follows: " A member of a party committee may be removed by such committee, for disloyalty to the party  *  *  * after notice and a hearing upon written charges, to be heard by the committee or a subcommittee thereof appointed for that purpose, which shall report its findings to the full committee." This section is found among those sections of the Election Law providing for the creation of State and county committees of political parties. By its language, this section provides the means of purging a political committee of disloyal members. Here are found two controlling words. These words are " may " and " disloyalty ". These words will be discussed below in inverse order.

Under the election system in the United States, political parties are not only necessary but highly desirable. Without organized parties this system cannot exist. Without loyalty to the aims and purposes of a party by its elected membership, its aims and purposes would fail of fulfillment. Loyalty is an infinite and abstract quality. It burns brighter in the hearts of some than in others. Self-seeking and private interests often displace loyalty to party as too often to country, family and friends. Acts of disloyalty to a party by a little known minor member of a party committee might have little consequence in the fulfillment of the party's plans, purposes and programs. The same acts of disloyalty by one in a highly responsible office of leadership might be catastrophic to the plans, purposes and programs of a party and greatly damage, if not destroy, the party to the detriment of the members of the party's committees, the members of the party and also all of the members of the community whose welfare is dependent on competitive political parties.

Section 16 of the Election Law permits a committee to purge its ranks of those disloyal to the party. The Legislature has not attempted to define disloyalty to party and for the very good reason that party loyalty lacks definition. Honest differences of opinion among or between committee members should not be characterized as disloyalty although some party leaders do feel that disagreement is tantamount to disloyalty. Since the open primary law, members of parties and party committees may support primary candidates of their choice without being charged with disloyalty to their party. Yet some party leaders consider such conduct disloyalty to party and impose sanctions if a preferred candidate is not supported by committee members,

The petitioner, a member of the Erie County Democratic Committee, together with four other members of the same committee, on July 11, 1962, served on the Erie County Democratic Committee and the Executive Committee of the Erie County Democratic Committee written charges against committee member Peter J. Crotty and requested a hearing as provided for by section 16 of the Election Law. A copy of these charges is attached to and made a part of the moving papers herein and marked Exhibit A and is as follows:

CHARGES AGAINST PETER J. CROTTY FOR DISLOYALTY TO THE DEMOCRATIC PARTY OF ERIE COUNTY:

The undersigned, each being a duly enrolled Democratic voter of Erie County, New York, and in addition thereto a member of the Democratic Committee of Erie County, make the following charges against Peter J. Crotty, Chairman of said Democratic Committee and its Executive Committee, based upon the conduct set forth below:

We charge that Peter J. Crotty, while Chairman of the Democratic Committee of Erie County and its Executive Committee, during the months of September, October and November, 1961, personally urged, worked for and recommended the election of the candidate of the Citizens' Party for the office of Mayor of the City of Buffalo, in direct opposition to the duly selected candidate of the Democratic Party and thereby in direct opposition to the regularly expressed views and preferences of the Democratic voters of the City of Buffalo. We charge that the said Peter J. Crotty urged and aided the candidacy of the said opposition candidate of the Citizens' Party by his own speeches and statements, by displaying literature, posters and other paraphernalia on and about his home premises, urging the election of said candidate, by encouraging, permitting and authorizing the headquarters of the Erie County Democratic Committee, Lafayette Building, Buffalo, New York, to be used to display posters and other literature of the said candidate, and by encouraging, permitting and authorizing employees of said committee to engage in activities urging and advocating the election of said candidate.

We charge further that the said Peter J. Crotty personally urged and encouraged the said opposition candidate to run in opposition to the regular candidate for Mayor after the latter, Victor E. Manz, had won the Democratic nomination for said office in the primary election held in September, 1961.

We charge further that, while engaged in all of the activities specified above on behalf of the candidate of another political party, the said Peter J. Crotty refused and declined to aid or support, personally or through his party offices or through the offices of the headquarters of the Erie County Democratic Committee, financially, morally or by any manner or means, the candidacy of the duly selected candidate of the Democratic Party for the office of Mayor of the City of Buffalo in the general election and campaign thereto.

WHEREFORE, we demand that the said Peter J. Crotty be removed by the Erie County Democratic Committee from his membership on that committee and by the Executive Committee of the Erie County Democratic Committee from his membership in the Executive Committee because of his disloyal acts as charged above; and we further demand, that the Erie County Democratic Committee, or any appropriate subcommittee, thereof call and convene a hearing at

which said charges may be heard and tried, pursuant to the provisions of section 16 of the Election Law of New York and the New York Civil Practice Act, that we be given adequate notice of said hearing and the opportunity to appear thereat in person and by counsel to present our own evidence and testimony of other witnesses relative to said charges.

(Signed)  Stanley R. Bystrak, Jr.
(Signed)  Henry Newman, Sr.
(Signed)  Leeland N. Jones, Sr.
(Signed)  Esther Jones Tilley
(Signed)  Stanley J. Bajak

Dated: July 11, 1962
To: Erie County Democratic Committee
Executive Committee
Erie County Democratic Committee

If true, these are indeed grievous acts of party disloyalty by a party committee member and especially an officer charged with the duty of party leadership. Continuation of such conduct by a party leader might well destroy the effectiveness of that party.

It is not for this court to determine whether committee member Peter J. Crotty engaged in the above acts. Section 16 of the Election Law places responsibility on the Democratic County Committee of Erie County and the Executive Committee of the Erie County Democratic Committee to determine whether Peter J. Crotty engaged in these acts and whether such acts constitute disloyalty to party. This section authorizes these committees, after notice and in the manner provided therein, to hear accusations of disloyalty and if substantiated, to remove a disloyal member from the party committee.

This brings to consideration the word "may" found in section 16 of the Election Law. By common usage and judicial construction this word is permissive and not mandatory. It is clear to this court that the Legislature intended by this section to leave to the judgment of a committee the propriety of hearing accusations against a member for disloyalty.

As above, disloyalty is relative not only quantitatively but also in its destructive effect on a political party. Certainly, the Legislature in enacting section 16 of the Election Law did not intend that such section impose a duty on a County Committee to assemble its membership or call for the appointment of a subcommittee whenever charges of disloyalty of any nature are leveled against any member of such committee. It is clear to this court that such call was left to the judgment of the members of the committee. It may be that the Legislature did not contemplate the situation in this matter where charges of disloyalty to party are brought against the chairman of the respondent committees in whose hands lie the power of convening a com-

mittee to hear charges against himself. This does not change the permissive nature of this section nor does the futility of expecting such call to issue from the chairman of those committees authorize this court to grant the order sought herein. Upon all the above, this motion is denied and the petition is dismissed.