OPINION OF THE COURT
Arnold Guy Fraiman, J.
By this special proceeding brought pursuant to CPLR article 78 and section 16-118 of the Election Law petitioner Frederick E. Samuel, the chairperson of the Democratic County Committee of New York County, seeks an order enjoining the chairman of the executive committee of the county committee and the party’s county leader from removing him from such office. In addition to the party position petitioner holds, he is also an elected member of the New York City Council from the 5th Councilmanic District in Manhattan. On April 13,1983, the day before a scheduled meeting of the full county committee, the committee’s executive committee held a formal hearing on notice, pursuant to section 2-116 of the Election Law to consider charges against petitioner of disloyalty to the party warranting his removal as chairperson of the county committee. Section 2-116 provides in relevant part that, “[a] member or officer of a party committee may be removed by such committee for disloyalty to the party or corruption in office after notice is given and a hearing upon written charges has been had.”
The background of the effort to remove petitioner is as follows: On February 17, 1983 the executive committee of *965 the county committee had passed a resolution reasserting its support of the city’s lesbian and gay rights bill, and urging all Democratic members of the city council from New York County to support passage of the bill in committee and on the floor of the council, and if necessary, by supporting a motion to discharge the bill from committee should the general welfare committee, before whom the measure was pending, fail to pass the bill. The resolution also authorized the chairperson of the county committee “to take whatever actions that are necessary to implement this resolution.” After the bill was defeated in committee, petitioner, a member of the committee, voted against its discharge from committee on March 8, 1983, and as a result, it never came to a vote by the full council membership. The charge of disloyalty against petitioner and his sought-after ouster from his party position arise solely from his vote against reporting the bill out of committee.
At the hearing held on April 13 the executive committee voted to sustain the charge of disloyalty against petitioner. However, before the full county committee met to consider the executive committee’s findings, petitioner obtained a temporary restraining order enjoining the county committee from implementing any decision arrived at in the hearing on April 13. Thereafter, by consent of the parties, petitioner has voluntarily agreed to refrain from exercising the powers of his office pending the determination of the proceeding at bar, and respondents have agreed to take no further steps to remove him.
Petitioner denies that his vote against discharge of the gay rights bill from committee constituted disloyalty to the party. Respondents, on the other hand, contend that the court does not have the right to substitute its judgment as to what constitutes disloyalty, for that of the elected representatives of the Democratic Party.
The court is mindful that members of a political party enjoy a constitutionally protected right of political association and that a State may not through its courts or its Legislature mandate procedures concerning internal party affairs, such as the election of delegates to the party’s national convention, which are in conflict with the party’s rules. (Democratic Party of U. S. v Wisconsin, 450 US 107; *966 Cousins v Wigoda, 419 US 477; see, also, Sweezy v New Hampshire, 354 US 234.) However, the right of the Democratic Party in New York to remove a party officer for disloyalty does not emanate from the internal rules of the party, but rather was created by the Legislature when it enacted former section 40 of the Election Law of 1911, the predecessor to section 2-116. Indeed, prior to the enactment of section 40, a political party had no power to remove for disloyalty to the party, a county committeeman who had been duly elected in a primary election. (People ex rel. Coffey v Democratic Gen. Committee, 164 NY 335.) Thus, inasmuch as the right to oust from party office an individual who has been duly elected thereto, is a right created by the Legislature, it is an appropriate function of the court to determine whether the grounds for removal provided in the statute have been met.
This brings us to a consideration of the substantive issue at bar: was petitioner’s vote as a city councilman against discharge of the gay rights bill from committee “disloyalty to the party” warranting his removal as chairperson of the Democratic County Committee? The court believes that this issue, one of first impression, must be answered in the negative. That the proposed gay rights bill was an important piece of social legislation cannot be gainsaid. Moreover, the party’s belief that its passage was desirable was made clear to all Democratic members of the city council from New York County by the February 13, 1983 resolution of the party’s executive committee. Petitioner’s failure to support the motion to discharge the bill from committee was clearly contrary to the resolution adopted by his party. However, a single aberration by a party office holder, who is also an elected member of the legislature, in the form of a vote which is inconsistent with a major plank in his party’s platform, can scarcely be characterized as “disloyalty to party” warranting expulsion from his party office.
The result might be otherwise in the case of a single issue party, such as the Right to Life Party. For an official of that party to support free choice with respect to abortions, for example, might well constitute disloyalty to the party justifying his removal from party office. But the Democratic Party of New York County is not a single issue *967 party. It stands for a wide range of principles and has taken express, strongly stated positions on numerous issues. Gay rights, albeit an important matter, is only one of a multitude of issues the party has wholeheartedly indorsed. For that very reason, the party is not and cannot be a rigid, monolithic structure requiring total adherence by party officials to every plank in its platform, on pain of expulsion for any deviation from party regularity. Obviously, there are certain basic matters upon which party regularity must be expected from party officials. Support in a primary election of the candidate recommended by the party’s executive committee (Battipaglia v Executive Committee of Democratic County Committee, 9 AD2d 774) and a fortiori, support of the party’s candidate in the general election (see Matter of Bajak v Democratic County Committee, 35 Misc 2d 1034, 1038), are two such matters. Failure of support in either case, involving, as they do, the basic party structure, might well constitute disloyalty to party warranting expulsion. However, petitioner’s deviation scarcely deserves such Draconian action. More appropriate, if they believe petitioner’s action warrants it, would be for members of the party to express their displeasure with petitioner at their party’s next primary for the election of county committee members.
For all the foregoing reasons, the petition is granted and respondents are enjoined from removing petitioner from his position as chairperson of the county committee, by reason of his alleged disloyalty to the party, arising from his vote on the gay rights bill.